UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| WALTER TODD FRENCH,<br><br>Plaintiff,<br><br>vs.<br><br>JULIA C. SCHOFFSTALL; WES SOMERTON; MATT SIMMONS; KOOTENAI COUNTY SHERIFF'S DEPARTMENT, THE STATE OF IDAHO,<br><br>Defendants, | Case No.: 2:23-cv-00545-BLW-REP<br><br>**REPORT AND RECOMMENDATION RE:**<br><br>**DEFENDANT STATE OF IDAHO'S MOTION TO DISMISS**<br>**(Dkt. 7)**<br><br>**THE KOOTENAI COUNTY DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**<br>**(Dkt. 16)**<br><br>**and**<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br>**(Dkt. 19)** |

Pending before the Court are (i) Defendant State of Idaho's Motion to Dismiss (Dkt. 7); (ii) the Kootenai County Defendants' Rule 12(b)(6) Motion to Dismiss (Dkt. 16); and (iii) Plaintiff's Motion for Appointment of Counsel (Dkt. 19). For the reasons that follow, Plaintiff's claims against Defendants are without merit. The undersigned therefore recommends that Defendants' Motions to Dismiss be granted. Moreover, the undersigned hereby orders that Plaintiff's Motion for Appointment of Counsel is denied.[1]

---

[1] This action was originally assigned to the undersigned on December 4, 2023. However, when the parties did not consent to magistrate judge jurisdiction, the action was reassigned to U.S. District Judge B. Lynn Winmill on September 4, 2024. Judge Winmill referred the action back to the undersigned the next day. *See* Order Referring Case (Dkt. 28) (instructing the undersigned to enter (i) orders on non-dispositive matters and (ii) reports and recommendations on dispositive matters).

**REPORT AND RECOMMENDATION and MEMORANDUM DECISION AND ORDER - 1**

## I. BACKGROUND

Plaintiff Walter Todd French was arrested and charged with committing a battery upon his sister-in-law after the Coeur d'Alene Police Department responded to a reported disturbance at the sister-in-law's house on November 15, 2022. *See* Compl. at 4 (Dkt. 1). Plaintiff alleges various injustices related to his arrest and the circumstances surrounding his subsequent prosecution in Idaho state court. He in turn brings this action against the State of Idaho and multiple Kootenai County officials (including the Kootenai County Sheriff's Department),[2] requesting that (i) all charges against him be vacated; (ii) he be awarded $25 million in punitive damages, plus an additional $1 million for every hour spent in jail after being bonded out (totaling $2.5 million); (iii) the individuals associated with his prosecution face criminal charges and disbarment; and (iv) his sister-in-law face felony charges for violating 42 U.S.C. § 1030a-7a (using a medical facility to illicit a decision and falsify medical records). *Id*. at 3-4.

The two sets of Defendants – the State of Idaho and the Kootenai County Defendants – move to dismiss Plaintiff's claims. The State of Idaho preliminarily argues that it is immune from suit under the Eleventh Amendment and therefore moves to dismiss Plaintiff's claims for lack of subject-matter jurisdiction under Rule 12(b)(1). *See* Mem. ISO MTD at 2-6 (Dkt. 7-1). It separately argues that it is not a "person" under § 1983 and therefore moves to dismiss Plaintiff's claims for failure to state a claim under Rule 12(b)(6). *See id*. at 6-7. The Kootenai County Defendants also argue that Plaintiff's Complaint must be dismissed under Rule 12(b)(6)

---

[2] As the basis for the Court's jurisdiction (federal question), Plaintiff lists the following claims: "Bias, Malicious Prosecution, Prosecutorial Misconduct, Cruel and Unusual Punishment, Wrongful Imprisonment, Intentional Infliction of Emotional Distress, Aiding and Abetting a Criminal Enterprise, Conspiracy to Commit Fraud, Criminal Impersonation, Abuse of Power, Impeding the Function of Law, Using a Legal Document as an Instrument to Perpetrate a Fraud, Mail Fraud, Wire Fraud, Felony Intimidation, Felony Retaliation, Bias based on my Genetic Makeup (I'm a 6'3", 240lb HIV + Gay Man), Bias based on Michele French [(Plaintiff's sister-in-law)] being a Female (5'10", 200+lbs), Falsifying Medical Records." Compl. at 3 (Dkt. 1).

**REPORT AND RECOMMENDATION and MEMORANDUM DECISION AND ORDER - 2**

for failure to state a cognizable claim against certain of them. *See* Mem. ISO MTD at 3-4 (Dkt. 16-1). They further argue that leave to amend would be futile because Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), the Defendant prosecutors are entitled to absolute immunity, and Plaintiff cannot show municipal liability against Kootenai County itself. *See id*. at 4-9.[3] Each of these arguments is addressed below.

## II. LEGAL STANDARDS

### A.   Motion to Dismiss: Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions." *Howard Jarvis Taxpayers Ass'n v. Cal. Secure Choice Ret. Sav. Program*, 443 F. Supp. 3d 1152, 1156 (E.D. Cal. 2020) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377. Subject-matter jurisdiction is required; it cannot be forfeited or waived. *Howard Jarvis Taxpayers Ass'n*, 443 F. Supp. 3d at 1156. Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Rule 12(b)(1) provides that a party may challenge a federal court's jurisdiction over the subject-matter of the complaint. A Rule 12(b)(1) jurisdictional attack may be factual or facial.

---

[3] "A motion asserting [a defense of failure to state a claim upon which relief can be granted] must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). But here, the Kootenai County Defendants moved to dismiss Plaintiff's claims after they filed their Answer. *Compare* Ans. (Dkt. 14), *with* MTD (Dkt. 16). The Court can still treat the Motion to Dismiss as one for judgment on the pleadings pursuant to Rule 12(c). *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); *see also* Fed. R. Civ. P. 12(h)(2) (authorizing a motion under Rule 12(c) to raise the defense of failure to state a claim, even after the answer has been filed). Importantly, the legal standard for Rule 12(c) is "substantially identical" to the standard for Rule 12(b)(6) because under both Rules, "a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Given this congruity, the Court will consider the arguments raised within the Kootenai County Defendants' Motion to Dismiss.

**REPORT AND RECOMMENDATION and MEMORANDUM DECISION AND ORDER - 3**

*White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A factual attack presents extrinsic evidence disputing the truth of the allegations of the complaint that would otherwise invoke federal jurisdiction, whereas a facial attack challenges that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

Here, the State of Idaho's Motion to Dismiss under Rule 12(b)(1) mounts a facial challenge: it contends that, notwithstanding Plaintiff's allegations, the Eleventh Amendment bars Plaintiff's suit against it. *See* Mem. ISO MTD at 3-6 (Dkt. 7-1).[4] Therefore, the allegations in Plaintiff's Complaint are accepted as true and inferences are drawn in Plaintiff's favor when determining whether those allegations are sufficient to invoke the Court's jurisdiction vis à vis Plaintiff's claims against the State of Idaho. *Jones v. L.A. Central Plaza, LLC*, 74 F.4th 1053, 1056 n.1 (9th Cir. 2023).

**B.    Motion to Dismiss: Rule 12(b)(6)**

The purpose of a motion to dismiss brought under Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff is required to allege "enough facts to state a claim that

---

[4] There is some debate in the Ninth Circuit about whether dismissal based on Eleventh Amendment immunity should be analyzed under Rule 12(b)(6) and not as a jurisdictional issue under Rule 12(b)(1). *See Steshenko v. Gayrard*, 44 F. Supp. 3d 941, 949, n. 1 (N.D. Cal. 2014) (collecting cases). In the end, however, any technical distinction makes no difference as the standards and the result are the same. *See Sam v. Dep't of Public Safety*, 2021 WL 1032282, at *2 (D. Hawai'i 2021); *see also, e.g.*, *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (it has been recognized that "[t]he district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.").

**REPORT AND RECOMMENDATION and MEMORANDUM DECISION AND ORDER - 4**

is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). But the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Here, both the State of Idaho and the Kootenai County Defendants argue that, irrespective of any possible jurisdictional shortcomings (as raised by the State of Idaho via their claim to Eleventh Amendment immunity), Plaintiff's Complaint fails to state a claim against either of them. *See* Mem. ISO MTD at 6-7 (Dkt. 7-1); Mem. ISO MTD at 3-9 (Dkt. 16-1). Therefore, the allegations in Plaintiff's Complaint are accepted as true and inferences are drawn in Plaintiff's favor before assessing whether those allegations reflect cognizable legal theories against the State of Idaho and Kootenai County Defendants.

**REPORT AND RECOMMENDATION and MEMORANDUM DECISION AND ORDER - 5**

### III.  REPORT/MEMORANDUM

A.  **The State of Idaho's Motion to Dismiss (Dkt. 7)**

The State of Idaho moves to dismiss Plaintiff's claims against it on two independent grounds: (i) the Court does not have subject-matter jurisdiction over the claims because the Eleventh Amendment prohibits Plaintiff from suing the State of Idaho without its consent; and (ii) only a "person" can be sued under 42 U.S.C. § 1983, and the State of Idaho is not a "person" under that statute.  Mem. ISO MTD at 2-6 (Dkt. 7-1).  Either argument compels the dismissal of Plaintiff's claims against the State of Idaho.

    1.  The State of Idaho Enjoys Eleventh Amendment Immunity

Whatever exact claims Plaintiff asserts against the State of Idaho, they immediately confront a threshold jurisdictional hurdle in the Eleventh Amendment.  The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  "Immunity from suit under the Eleventh Amendment further extends to suits by citizens against their own state and 'certain actions against state agencies sand state instrumentalities.'" *Holz v. Nenana City Pub. Sch. Dist.*, 347 F.3d 1176, 1180 (9th Cir. 2003) (quoting *Eason v. Clark Cty. Sch. Dist.*, 303 F.3d 1137, 1140 (9th Cir. 2002)); *see also Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court.").

There are two exceptions to the Eleventh Amendment's jurisdictional bar: (i) when a state "unequivocally" waives its sovereign immunity and consents to suit in federal court; or (ii) when there exists "an unequivocal expression of congressional intent to 'overturn the constitutionally guaranteed immunity of the several States'" with respect to rights protected by

**REPORT AND RECOMMENDATION and MEMORANDUM DECISION AND ORDER - 6**

the Fourteenth Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984) (quoting *Quern v. Jordan*, 440 U.S. 332, 342 (1979)).[5] Neither exception applies here.

First, the State of Idaho has not waived its immunity. A state consents to a suit, or waives its Eleventh Amendment immunity by (i) "voluntarily invok[ing] our jurisdiction," or (ii) "mak[ing] a clear declaration that it intends to submit itself to our jurisdiction." *College Savings Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999); *see also Micomonaco*, 45 F.3d at 319 (consent to suit in federal court must be done by "the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction"). The State of Idaho has not done anything that reflects an intention to subject itself to the jurisdiction of this Court. Indeed, the State of Idaho now moves to dismiss Plaintiff's claims, arguing that it is immune from suit under the Eleventh Amendment. *See generally* MTD (Dkt. 7). Such conduct is insufficient to constitute a waiver of Eleventh Amendment immunity. The fact that the "State of Idaho" prosecuted Plaintiff in state court, as Plaintiff points out (Opp. to MTD at 1 (Dkt. 20)), does not alter this analysis. At bottom, the State of Idaho has not consented to Plaintiff's suit in this Court.

Second, Congress has not expressly overturned the constitutionally-guaranteed immunity of the State of Idaho in this context. Congress abrogates a State's sovereign immunity when it (i) "unequivocally expresse[s] its intent to abrogate that immunity," and if it does, (ii) "act[s] pursuant to a valid grant of constitutional authority." *Tennessee v. Lane*, 541 U.S. 509, 517

---

[5] The Supreme Court has also excepted Eleventh Amendment immunity to allow a plaintiff to sue a state official to enjoin ongoing unconstitutional conduct. *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908). Known as the "*Ex Parte Young* exception," a plaintiff may sue an official of a state agency in his or her official capacity for prospective equitable relief to enjoin an alleged ongoing violation of federal law. *Id.* But here, Plaintiff is not seeking prospective relief owing to an ongoing violation of federal law. His claims instead stem from past alleged wrongs relating to his arrest and prosecution. Thus, the *Ex Parte Young* exception does not apply to otherwise save Plaintiff's claims.

**REPORT AND RECOMMENDATION and MEMORANDUM DECISION AND ORDER - 7**

(2004) (citation and quotation signals omitted).  Plaintiff's claims do not overcome the first hurdle of this framework.  Neither the federal question statute (28 U.S.C. § 1331) nor actions for civil rights violations (42 U.S.C. § 1983) abrogate the State of Idaho's immunity under the Eleventh Amendment.  *See Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983) ("Section 1331 does not waive the government's sovereign immunity from suit."); *see also Quern v. Jordan*, 440 U.S. 332, 342 (1979) (holding that 42 U.S.C. § 1983 does not override States' Eleventh Amendment immunity).

Without either the State of Idaho's waiver of its sovereign immunity, or Congress's clear abrogation of that immunity relative to the instant action, Plaintiff's claims against the State of Idaho are barred by the Eleventh Amendment and cannot stand under Rule 12(b)(1).  The State of Idaho's Motion to Dismiss should be granted in this respect.

       2.       <u>The State of Idaho is Not a "Person" Under Section 1983</u>

Although not specifically styled as an action under 42 U.S.C. § 1983, the State of Idaho logically understands that Plaintiff's claims against it "allege the basic elements of a Section 1983 violation."  Mem. ISO MTD at 2 (Dkt. 7-1); *see also* Compl. at 3 (Dkt. 1) (Plaintiff listing "federal question" as the basis for federal court jurisdiction).  To state a claim under Section 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  The State of Idaho argues that, because it is not a "person" for purposes of Section 1983, Plaintiff's claims against it must be dismissed for this separate reason.  *See* Mem. ISO MTD at 6 (Dkt. 7-1).  The undersigned agrees.

Despite being comprised of its citizens, a state is not a "person" within the meaning of 42 U.S.C. § 1983 and thus may not properly be named as a defendant in a Section 1983 action.  *See Bear Crest Ltd. LLC v. Idaho*, 2019 WL 3220575, at *3 (D. Idaho 2019) (citing *Will v. Mich.*

**REPORT AND RECOMMENDATION and MEMORANDUM DECISION AND ORDER - 8**

*Dep't of State Police*, 491 U.S. 58, 71 (1989)). Therefore, while Plaintiff's claims against the State of Idaho are barred by the Eleventh Amendment, his claims that are premised upon Section 1983 are also precluded under Rule 12(b)(6) because the State of Idaho is not a "person" under that section. The State of Idaho's Motion to Dismiss should be granted in this alternate respect.

**B.     The Kootenai County Defendants' Motion to Dismiss (Dkt. 16)**

The Kootenai County Defendants attempt to make sense of Plaintiff's hodgepodge of claims against them, asserting that Plaintiff "generally alleges federal law claims of malicious prosecution, prosecutorial misconduct, cruel and unusual punishment, and wrongful imprisonment." Mem. ISO MTD at 1 (Dkt. 16-1) (also noting Plaintiff's "assortment of state law and criminal law claims"). With this understanding in mind, they move to dismiss Plaintiff's claims against them, arguing that they (i) do not sufficiently describe the individual Defendants' actionable conduct; (ii) are barred by *Heck v. Humphrey*, given Plaintiff's guilty plea; (iii) fail because the individual Defendants are entitled to absolute immunity; and (iv) do not support *Monell* liability against Kootenai County. *Id*. at 3-9. These arguments combine to warrant the dismissal of Plaintiff's claims against the Kootenai County Defendants.

   1.     <u>Plaintiff Does Not State Cognizable Claims Against the Individual Defendants</u>

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . .." Fed. R. Civ. P. 8(a)(2). This requires factual content for the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. The Kootenai County Defendants argue that Plaintiff's Complaint falls short of this standard, particularly where, as here, Section 1983 claims arguably are lodged. Mem. ISO MTD at 3-4 (Dkt. 16-1) (citing *Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's

**REPORT AND RECOMMENDATION and MEMORANDUM DECISION AND ORDER - 9**

own individual actions, has violated the Constitution.")). Specifically, they claim that Plaintiff's Complaint contains no factual allegations against Defendants Matt Simmons and Wes Sommerton, and includes only the most cursory information regarding Defendant Julia Shoffstall. Mem. ISO MTD at 4 (Dkt. 16-1). The undersigned agrees.

Plaintiff's Complaint identifies Defendants Simmons, Sommerton, and Shoffstall as attorneys – presumably involved in the underlying state court criminal proceedings against Plaintiff. *See* Compl. at 2 (Dkt. 1). But the Kootenai County Defendants are right; there are no factual allegations against these same Defendants that support a federal claim against any of them. To be sure, there are no allegations whatsoever concerning Defendants Simmons and Sommerton. And as for Defendant Shoffstall, Plaintiff states:

> On or about 11/15/22 an incident occurred at the residence of my sister Jennifer French with her wife Michele French. I had driven from Potlatch to the residence to pick up my 85 [year-old] mother to go shopping. My mother has made 17 mortgage payments on my sister's house, making her a legal resident. Michele was restraining my mother from leaving with me, she physically had her hands on my mother. I pointed at Michele to remove her hands, Michele would swat my hands away, and she shoved me, I shoved her back, and she claims that I punched her in the face breaking her jaw. After 9 months, I debunked her claims, *when Ms. Schoffstall amended the claim from "misdemeanor battery" to Felony Aggravated Assault" claiming they had "new" evidence of a fractured Sinus*. I was jailed for 6.5 [hours], 2.5 hours after my bond posted.

*Id*. at p. 4 (emphasis added). Without more, this is insufficient to show that Plaintiff is entitled to relief or, relatedly, that Defendants Simmons, Sommerton, and Shoffstall are liable for any possible misconduct alleged. *See* Fed. R. Civ. P. 8(a)(2); *see also Twombly*, 550 U.S. at 570 and *Iqbal*, 556 U.S. at 678.

At best, Plaintiff's Complaint contains only vague allegations against Defendants Simmons, Sommerton, and Shofstall without any factual support. Such allegations are insufficient to defeat a motion to dismiss. As a result, the Kootenai County Defendants' Motion to Dismiss should be granted in this respect. While leave to amend "shall be freely given when

**REPORT AND RECOMMENDATION and MEMORANDUM DECISION AND ORDER - 10**

justice so requires," Fed. R. Civ. P. 15(a), such leave should be granted if it "appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). For the reasons discussed below, leave to amend would be futile. *See Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023) ("Although leave to amend should be given freely, denying leave is not an abuse of discretion if 'it is clear that granting leave to amend would have been futile.'") (quoting *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)).

    2.    <u>Plaintiff's Claims Are Barred by *Heck v. Humphrey*</u>

The Kootenai County Defendants argue that Plaintiff's claims against them are barred by the *Heck* doctrine. Mem. ISO MTD at 4-6 (Dkt. 16-1). Under *Heck*, a Section 1983 action "is barred if – but only if – success in the action . . . would *necessarily* imply or demonstrate that the plaintiff's earlier conviction was invalid." *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1006 (9th Cir. 2022) (en banc) (emphasis in original, internal quotation marks and citation omitted). To overcome this bar, a plaintiff must show either "that the conviction or sentence has already been invalidated," or that the action, if successful, would not "demonstrate the invalidity of an outstanding criminal judgment." *Id*. at 1005 (quoting *Heck*, 512 U.S. at 478-79, 486-87). Plaintiff does not dispute that he pled guilty to misdemeanor battery in Idaho state court and therefore was convicted of that offense. He also does not dispute that his conviction has never been invalidated. So, *Heck* will bar his Section 1983 claims against the Kootenai County Defendants only if his hypothetical success in this action would necessarily imply or demonstrate that his conviction was invalid.[6] It would not.

---

    [6] The undersigned recognizes that, when a conviction is based on a guilty plea, the *Heck* doctrine's application is sometimes more nuanced. "In considering whether *Heck* bars claims or other constitutional violations by defendants who have pled [ ] to crimes, a court must look to what effect such a violation would necessarily have on the validity of the conviction." *Farrow v.*

**REPORT AND RECOMMENDATION and MEMORANDUM DECISION AND ORDER - 11**

All of Plaintiff's claims against the Kootenai County Defendants are grounded in his belief that he was unfairly arrested and prosecuted in Idaho state court over a confrontation he had with his sister-in-law. His claim for malicious prosecution proves this point, as does the fact that he seeks to have "all charges" against him vacated and for "ALL parties involved to face criminal charges and disbarment." Compl. at 4 (Dkt. 1) (emphasis in original). But critically, any finding of malicious prosecution would necessarily imply the invalidity of his conviction. *See, e.g.*, *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) ("Wrongful arrest, malicious prosecution, and a conspiracy among Los Angeles officials to bring false charges against Guerrero could not have occurred unless he were innocent of the crimes for which he [pleaded guilty to and] was convicted."); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that *Heck* bars Smithart's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him."); *Kowarsh v. Heckman*, 2015 WL 2406785, at *8 (N.D. Cal. 2015) ("If Plaintiff successfully showed that Defendants . . . maliciously prosecuted him by ignoring exculpatory blood evidence, this would reveal an inconsistency with his no contest plea by suggesting that he contested the charges against him and had evidence to support his opposition.").

On that lynchpin point, a successful malicious prosecution action requires "the termination of the prior criminal proceeding in favor of the accused." *Heck*, 512 U.S. at 484; *see also Berian v. Berberian*, 483 P.3d 937, 944-45 (Idaho 2020) (same under Idaho law). But again, Plaintiff pled guilty to misdemeanor battery; it cannot be said that he ever prevailed.

---

*Lipetzky*, 2017 WL 1540637, at *9 (N.D. Cal. 2017). This is because an alleged constitutional violation may be untethered to the plea (as opposed to a verdict obtained with unlawfully obtained evidence), such that the alleged constitutional violation would not necessarily imply the invalidity of the conviction. In these settings, two isolated factual contexts exist: the first giving rise to criminal liability on the part of a criminal defendant, and the second giving rise to civil liability on the part of state actors. That circumstance, however, does not exist here.

**REPORT AND RECOMMENDATION and MEMORANDUM DECISION AND ORDER - 12**

Allowing the claim to otherwise proceed here would upend *Heck's* charge to "avoid[ ] parallel litigation over the issues of probable cause and guilt." *Heck*, 512 at 484; *see also McDonough v. Smith*, 588 U.S. 109, 117-18 (2019) ("As *Heck* explains, malicious prosecution's favorable-termination requirement is rooted in pragmatic concerns with avoiding parallel criminal and civil litigation over the same subject matter and the related possibility of conflicting civil and criminal judgments. The requirement likewise avoids allowing collateral attacks on criminal judgments through civil litigation.") (citing *Heck*, 512 U.S. at 484-85). This is precisely the type of claim that *Heck* bars.

Because *Heck* bars these types of claims, the Kootenai County Defendants' Motion to Dismiss should be granted in this alternate respect.

       3.      <u>The Individual Kootenai County Defendants Are Absolutely Immune</u>

The individual Kootenai County Defendants also argue that Plaintiff's claims against them must be dismissed because, as prosecutors, they are absolutely immune from liability in Section 1983 lawsuits. Mem. ISO MTD at 6-7 (Dkt. 16-1). "Prosecutor[s] ha[ve] absolute immunity from a Section 1983 claim for damages for activities associated with the judicial phase of the criminal process, including deciding whether to prosecute and what evidence to present." *Huskic v. Ada Cnty.*, 2024 WL 4417692, at *3 (D. Idaho 2024) (citing *Ray v. Lara*, 31 F.4th 692, 699 (9th Cir. 2022) ("It has long been established that prosecutors enjoy absolute immunity from damages suits under Section 1983 for activities that are intimately associated with the judicial phase of the criminal process.")). This immunity applies "when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the

**REPORT AND RECOMMENDATION and MEMORANDUM DECISION AND ORDER - 13**

State, are entitled to the protections of absolute immunity."). Because Plaintiff's issues with the individual Kootenai County Defendants appear to be related to their involvement in the judicial phase of Plaintiff's criminal prosecution, the individual Kootenai County Defendants are absolutely immune.

As already stated, Plaintiff's Complaint is short on allegations against the individual Kootenai County Defendants. *See supra*. That said, in response to the two motions to dismiss, Plaintiff elaborates on his complaints against them, stating:

> Ms. Schoffstall knew, that the grounds for Felony Aggravated Assault were weak, but chose to exercise her authority to "scare me" into a confession. The same is true for Mr. Simmons and Mr. Sommerton. The evidence for a "bruised/broken jaw" was fabricated, but they exercised their authority to pursue said "case" out of religious zealousness and Felony retaliation.
>
> Knowing that I'm a Mormon/LDS whistleblower, they used this case as an instrument to perpetrate their fraud, send it through the USPS mail system, and emails, and engaged the Coeur d'Alene Police Department to fabricate a Photograph as evidence. They even enlisted the participation of my own Attorney (Safa Riadh) to aid and abet this fraud with endless "continuances" and withholding the Photograph until the day of trial, stringing this trial out going on 2 years.

Opp. to MTD at 1 (Dkt. 20).[7] These allegations speak to activities intimately associated with the judicial phase of the criminal process. They are acts of advocacy performed while serving as officers of the court and, thus, fall squarely within the confines of the immunity afforded to prosecutorial decisions. The Kootenai County Defendants' Motion to Dismiss should be granted in this alternate respect.

---

[7] As far as any doctored photograph is concerned, Plaintiff lays the blame on his own attorney, not the individual Kootenai County Defendants. *See* Opp. to MTD at 2 (Dkt. 20) ("I also believe that someone from my Attorney's Office instructed Michele to go get Medical Verification of her injuries"; The evidence Mr. Riadh showed me were black and white Photocopies of Medical Evaluation. Those could have been Forged, then copied"; "After 9 months of 'continuances' I finally went to a "Pre-Trial Hearing" where at the 11th hour my Attorney (Sara Riadh) pulled out a Photograph of a bruised, swollen left Jaw of Michele French. I knew that was fake because I studied Graphic Design, and that wasn't the place where I made contact with Michele.").

**REPORT AND RECOMMENDATION and MEMORANDUM DECISION AND ORDER - 14**

    4.        There is No Liability for Kootenai County Under *Monell*

Finally, the Kootenai County Defendants move to dismiss Plaintiff's claims against the Kootenai County Sheriff's Department under *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978). Mem. ISO MTD at 8-9 (Dkt. 16-1). These claims appear to be based upon being jailed despite having posted bond. *See* Compl. at 4 (Dkt. 1) ("I was jailed for 6.5 [hours], 2.5 [hours] after my bond was posted."). But under *Monell*, a local governmental unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *See Monell*, 436 U.S. at 691. Instead, a municipality can be held liable under Section 1983 under three theories: (i) where the implementation of official policies or established customs cause the constitutional injury; (ii) where acts or omissions causing the constitutional injury amount to official policy of the municipality; or (iii) where an official has ratified the unconstitutional decision or action of an employee of the municipality. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010) (overruled in part on other grounds). To the extent not already barred by *Heck* (*see supra*), the Kootenai County Defendants argue that Plaintiff has not met this standard. Mem. ISO MTD at 9 (Dkt. 16-1). The undersigned agrees.

Crucially, Plaintiff does not identify any policy that might anchor his claims against the Kootenai County Sheriff's Department. Nor does he provide evidence of a pattern of similar violations showing the existence of an informal policy, custom, or practice by the Kootenai County Sheriff's Department that would form the basis of any liability. Plaintiff's own isolated complaint, followed by his blanket statement that "[t]he Kootenai County Sheriff's Department knows, once an inmate is 'bonded out' they have 10-15 minutes or less to process them out," is not enough. Opp. to MTD at 1 (Dkt. 20). Mere negligence does not give rise to *Monell* liability in any event. *See Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011). Without this requisite element for establishing municipal liability, Plaintiff's claims against the Kootenai

**REPORT AND RECOMMENDATION and MEMORANDUM DECISION AND ORDER - 15**

County Sheriff's Department cannot stand.  The Kootenai County Defendants' Motion to Dismiss should be granted in this respect as well.

C.      **Plaintiff's Motion for Appointment of Counsel (Dkt. 19)**

Plaintiff asks that he be appointed a "Non Mormon/LDS" attorney to help with his case because he is "a Mormon/LDS Whistleblower who has exposed approximately $4.7 Billion in Mormon/LDS Tax Evasion Frauds and Cons perpetrated against the United States Federal Government."  Mot. for Appt. of Counsel (Dkt. 19).  However, Plaintiff makes no reference to his financial inability to hire his own counsel, and the Court notes that he did pay the $405.00 filing fee.  For this reason, Plaintiff's Motion for Appointment of Counsel (Dkt. 19) is denied.

But even if Plaintiff is not able to hire his own counsel, the Motion still would be denied.  Unlike criminal defendants, indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake.  *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981).  In civil cases, counsel should be appointed only in "exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  To determine whether exceptional circumstances exist, the court should evaluate two factors: (i) the likelihood of success on the merits of the case, and (ii) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  Neither factor weighs in favor of the requested appointment here.  First, the undersigned is recommending the dismissal of Plaintiff's claims with prejudice.  *See supra*.  Second, Plaintiff has not demonstrated that the case is complex or novel.

Regardless, as a practical matter, a federal court has no authority to require attorneys to represent an indigent litigant in civil cases under 28 U.S.C. § 1915.  *See Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989).  Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment.  *See id*.  There

**REPORT AND RECOMMENDATION and MEMORANDUM DECISION AND ORDER - 16**

are no funds to pay the attorney's fees of appointed counsel in civil matters such as this one, and it is often difficult to find attorneys willing to work on a case without payment. Thus, even if circumstances warranted the appointment of counsel in this case, there is no guarantee of that ever actually happening. Thus, the undersigned denies Plaintiff's Motion for Appointment of Counel.

## IV. RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant State of Idaho's Motion to Dismiss (Dkt. 7) be GRANTED and Plaintiff's claims against it be dismissed with prejudice; and

2. Defendant Kootenai County Defendants' Rule 12(b)(6) Motion to Dismiss (Dkt. 16) be GRANTED and Plaintiff's claims against them be dismissed with prejudice.

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty (20) pages . . . within fourteen (14) days . . ., unless the magistrate or district judge sets a different time period." Additionally, the other party "may serve and file a response, not to exceed twenty (20) pages, to another party's objections within fourteen (14) days after being served with a copy thereof."

## V. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (Dkt. 19) is DENIED.



DATED:  January 23, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**REPORT AND RECOMMENDATION and MEMORANDUM DECISION AND ORDER - 17**